UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHOENIX TRINITY
MANUFACTURING COMPANY,

    Plaintiff,

v.                                                    CASE NO. 8:20-cv-419-T-23SPF

GRANITE STATE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

In this insurance dispute, Phoenix Trinity Manufacturing, Inc., alleges (Doc. 1) breach of contract. Moving to dismiss, Granite State Insurance Company argues that Phoenix "failed to comply with conditions precedent to filing suit." (Doc. 6 at 1)  The parties dispute whether, and to what extent, a condition precedent precludes Phoenix from initiating this action.

## BACKGROUND

On July 5, 2019, lightning damaged Phoenix's commercial machinery and rendered Phoenix's "manufacturing machinery unusable until they could be repaired." (Doc. 9 at 1)  Phoenix submitted a claim for lost business income under an insurance policy issued by Granite State. On October 11, 2019, Granite State paid Phoenix $45,135.00; Phoenix demanded an additional $175,000.00. (Doc. 6 at

5) On December 5, 2019, Granite State (1) requested documents and information, (2) requested a verified proof of loss, and (3) reserved the right to an examination under oath. Twenty-two days after Granite State's December 5 letter, Phoenix sued for breach of contract.

After Phoenix initiated this action, Granite State repeated the request for the verified proof of loss and scheduled an examination under oath. (Doc. 6 at 5–6) Phoenix expressly refused to submit to an examination under oath and refused to submit the requested documents. Despite the refusals, Granite State explained to Phoenix that "the EUO will proceed as scheduled . . . . If you or your client wish to have this EUO rescheduled at a mutually agreeable time, please advise and we will certainly accommodate within reason." (Doc. 6-8 at 1) Phoenix neither appeared at the scheduled examination under oath nor submitted the verified proof of loss. (Doc. 6 at 6)

Under the Granite State insurance policy, "[n]o one may bring legal action against [Granite State] . . . unless . . . [t]here has been full compliance with all of the terms" of the policy. (Doc. 6-2 at 91) Under the policy's "Duties in the Event of Loss" section, the insured must "[s]end [Granite State] a signed, sworn proof of loss containing the information we request." (Doc. 6-2 at 111) And the insured must furnish the proof of loss "within sixty days after" Granite State's request. Also, the insured must "permit [Granite State] to question [the insured] under oath at such times as may be reasonably required. . . ." (Doc. 6-2 at 111) Because Phoenix never

attended an examination under oath and because Phoenix never submitted the verified proof of loss, Granite State moves to dismiss and asserts satisfaction of conditions precedent.

Phoenix responds that "[s]ince the date of loss, P[hoenix] fully cooperated and maintained open and continuous communications with [Granite State] regarding not only the status and repair of their manufacturing machines . . . , but also providing [Granite State] with all required financial documents, reports, and information of the continuous and ongoing loss of business income." (Doc. 9 at 2) Further, Phoenix argues that "in order to be a condition precedent to bringing suit, the EUO must be requested before suit is filed." (Doc. 9 at 5) Because Granite State failed to schedule a specific day and time for an examination under oath before Phoenix sued, Phoenix asserts compliance with the policy. In short, Phoenix argues that Phoenix has satisfied the preconditions to suing.

## DISCUSSION

Under Florida law, if "the insured has failed to provide sworn proof-of-loss in accordance with the policy contract, the insured is barred from filing suit against the insurer for the policy proceeds." *Starling v. Allstate Floridian Ins. Co.*, 956 So. 2d 511, 513 (Fla. 5th DCA 2007). In other words, "[p]roof of loss is a condition precedent to an insured's suit against an insurer." *Rodrigo v. State Farm Fla. Ins. Co.*, 144 So. 3d 690, 692 (Fla. 4th DCA 2014). Further, if a policy obligates the insured to submit to an examination under oath, the examination qualifies as a condition precedent to

suing. *Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 304 (Fla. 4th DCA 1995); *Southgate Gardens Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 622 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008) ("Plaintiff's compliance with the policy, including submission to EUOs, is a condition precedent to the initiation of civil litigation.").

Phoenix argues that "since suit [is] now filed, documents requested . . . c[an] be obtained in the discovery process" and deposition testimony can supplant an examination under oath. (Docs. 9 at 6; 6-8 at 1) However, "the taking of depositions with both sides present does not constitute substantial compliance with the policy conditions" if a policy requires an examination under oath. *Goldman*, 660 So.2d at 304. Further, Phoenix observes that Phoenix provided Granite State with "an overwhelming amount of financial documents, reports, and information" to support Phoenix's claim under the policy for lost business income. (Doc. 9 at 7) Although the policy requires Phoenix's submission of these documents also, these documents fail to replace the proof-of-loss requirement, which serves as a condition precedent to suing. *Rodrigo*, 144 So. 3d at 692 ("While the insured argued that she provided the insurer with bills, estimates, invoices, and other documents to prove her damages, she failed to file a sworn proof of loss. Therefore, the insured materially breached a condition precedent.").

Next, Phoenix argues that Granite State "should now be estopped from denying coverage for P[hoenix]'s claim of lost business income after P[hoenix] reasonably and justifiably believed and relied upon to their apparent detriment

[Granite State]'s acceptance of and payment of an advance towards P[hoenix]'s insurance claim." (Doc. 9 at 7)  But partially paying an insured effects no waiver of a verified proof-of-loss requirement.  *Rodrigo*, 144 So. 3d at 692 ("The trial court also correctly found that the insurer did not waive the sworn proof of loss requirement by tendering payment because '[i]nvestigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim' does not constitute a waiver of a 'sworn proof of loss' requirement.") (*quoting* Section 627.426(1)(c), Florida Statutes).

Finally, relying on *Riviera S. Apartments, Inc. v. QBE Ins. Corp.*, 2007 WL 2506682 (S.D. Fla. 2007), Phoenix argues that "[g]eneralized requests for an EUO, without evidence of it being scheduled for a specific date and time . . . is insufficient to prove that the policyholder was noncompliant." (Doc. 9 at 5)  However, the defendant in *Riviera* "submitted no evidence indicating any noncompliance on the part of the" plaintiff, and in fact the plaintiff in *Riviera* "complied with Defendant's limited efforts to request the examinations under oath."  2007 WL at *6.  By contrast, Phoenix exhibits compliance with neither the examination under oath nor the submission of a verified proof of loss. Thus, as applied to this action, *Riviera* advances only the "general conclusion that an insured should be given an opportunity to comply with requests for examination under oath," 2007 WL at *5, but *Riviera* fails to support the principles that Phoenix attempts to extrapolate.

## CONCLUSION

Because Phoenix fails to submit to an examination under oath and fails to furnish Granite State with a verified proof of loss, this action warrants dismissal. *Southgate*, 622 F. Supp. 2d at 1337 (dismissing the action without prejudice to allow the plaintiff time to satisfy the conditions precedent to suing). Granite State's motion (Doc. 6) to dismiss is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**. The parties' joint motion (Doc. 25) to extend the time within which to complete discovery is **DENIED-AS-MOOT**.

ORDERED in Tampa, Florida, on September 17, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE